**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Alex Wulff,                                          :                  Case No. 1:12 CV 3104
      Petitioner,                                 :
                                                    :
vs.                                                  :
                                                    :
Terry Tibbals, Warden,                               :                  **REPORT AND**
      Respondent.                                 :                  **RECOMMENDATION**

**I. INTRODUCTION**

       This case was automatically referred to the undersigned Magistrate Judge for report and

recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN

DISTRICT OF OHIO LOCAL CIVIL RULES.  Pending are Petitioner's 28 U.S.C. § 2254 Petition for

Writ of Habeas Corpus, filed December 26, 2012 (Docket No. 1), Respondent's Return, filed

May 22, 2013 (Docket No. 4), and Petitioner's Traverse, filed June 19, 2013 (Docket No. 6).

Given the filing date of the petition, the provisions of the ANTITERRORISM AND EFFECTIVE

DEATH PENALTY ACT ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) apply. *See Lindh*

*v. Murphy*, 521 U.S. 320, 336 (1997). For the reasons set forth below, the Magistrate

recommends the Petition for Writ of Habeas Corpus be denied.

## II. PROCEDURAL BACKGROUND

**A.     INDICTMENT**

Petitioner Alex Wulff ("Petitioner") was indicted by a Cuyahoga County, Ohio, Grand

Jury in September 2008 on the following ten counts:

COUNT 1:        Aggravated murder, in violation of R.C. § 2903.01(A)

COUNT 2:        Aggravated murder, in violation of R.C. § 2903.01(B)

COUNT 3:        Murder, in violation of R.C. § 2903.02(B)

COUNT 4:        Kidnapping, in violation of R.C. § 2905.01(A)(3)

COUNT 5:        Kidnapping, in violation of R.C. § 2905.01(A)(2)

COUNT 6:        Kidnapping, in violation of R.C. § 2905.01(B)(1)

COUNT 7:        Tampering with evidence, in violation of R.C. § 2921.12(A)(1)

COUNT 8:        Abuse of a corpse, in violation of R.C. § 2927.01(B)

COUNT 9:        Felonious assault, in violation of R.C. § 2903.11(A)(1)

COUNT 10:       Felonious assault, in violation of R.C. § 2903.11(A)(2)

(Docket No. 4, Attachment 1, pp. 3-12 of 183). Petitioner entered a plea of not guilty to all

charges (Docket No. 4, Attachment 1, p. 13 of 183).

On June 8, 2009, the Court found Petitioner competent to stand trial and found that he

was sane at the time the crimes were committed  (Docket No. 4, Attachment 1, p. 14 of 183).  On

that same day, Petitioner withdrew his not guilty pleas and entered pleas of guilty to Counts

Three, Seven, and Eight, for murder, tampering with evidence, and abuse of a corpse,

respectively (Docket No. 4, Attachment 1, p. 15 of 183). Counts One, Two, Four, Five, Six,

Nine, and Ten were nolled (Docket No. 4, Attachment 1, p. 15 of 183). Petitioner was

subsequently sentenced to a term of fifteen years to life on Count Three, four years on Count

2

Seven, and twelve months on Count Eight (Docket No. 4, Attachment 1, p. 16 of 183). The

sentences were to run consecutively for a total prison term of twenty years to life (Docket No. 4,

Attachment 1, p. 16 of 183). On July 28, 2009, the court entered a *nunc pro tunc* order advising

Petitioner of his five-year term of post-release control and parole (Docket No. 4, Attachment 1,

p. 17 of 183).

**B.     THE DIRECT APPEAL**

Petitioner failed to timely file a direct appeal (Docket No. 4, Attachment 1, p. 19 of 183).

Instead, on October 15, 2009, Petitioner filed, *pro se*, a Motion for Delayed Appeal in the Eighth

District Court of Appeals for Cuyahoga County, Ohio (Docket No. 4, Attachment 1, p. 19 of

183). On November 13, 2009, the Court of Appeals granted Petitioner's Motion, permitting him

leave to file a delayed appeal (Docket No. 4, Attachment 1, p. 23 of 183). In his brief, Petitioner

presented two assignments of error:

> 1.     The trial court's imposition of consecutive sentences is contrary to law
>        and an abuse of discretion.
>
> 2.     The trial court erred by not merging convictions for tampering with
>        evidence and abuse of a corpse which arose out of the same act with a
>        single animus.

(Docket No. 4, Attachment 1, pp. 43-55 of 183). On July 16, 2010, the State filed its Answer

Brief in opposition to Petitioner's appeal (Docket No. 4, Attachment 1, pp. 24-42 of 183). On

February 17, 2011, the Court of Appeals affirmed the trial court's ruling. *State v. Wulff*, 2011

Ohio 700 (Ohio Ct. App. 2011) ("*Wulff I*").

On March 30, 2011, Petitioner timely filed, *pro se*, a Notice of Appeal to the Ohio

Supreme Court (Docket No. 4, Attachment 1, pp. 67-92 of 183). In his Memorandum in Support

of Jurisdiction, Petitioner presented two assignments of error:

3

1.      The trial court erred when it imposed consecutive sentences without making the findings of fact required by R.C. § 2929.14(E)(4) as affirmed by the legislature subsequent to *Oregon v. Ice*, and abused its discretion by not taking into consideration the mitigating factors before imposing consecutive sentences.

2.      The trial court erred when it sentenced Petitioner to consecutive sentences when the convictions for tampering with evidence and gross abuse of a corpse are allied offenses of similar import, in violation of R.C. § 2941.25 and *State v. Johnson*.

(Docket No. 4, Attachment 4, pp. 80-92 of 183). The State filed a waiver of response on April 1, 2011 (Docket No. 4, Attachment 1, p. 93 of 183). On May 25, 2011, the Ohio Supreme Court declined jurisdiction and dismissed Petitioner's appeal as not involving any substantial constitutional question (Docket No. 4, Attachment 1, p. 94 of 183).

## C.      APPLICATION TO RE-OPEN APPEAL

While awaiting a response from the Ohio Supreme Court on his direct appeal, Petitioner timely filed, *pro se*, an Application to Re-Open his direct appeal pursuant to App.R. 26(B) (Docket No. 4, Attachment 1, pp. 95-132 of 183). In his application, Petitioner claimed his appellate counsel was ineffective for failing to raise the following alleged errors:

1.      The trial court erred to the prejudice of Petitioner when it abused its discretion and failed to inquire further into Petitioner's competency to plead guilty and to understand the consequences of his plea.

2.      The trial court erred to the prejudice of Petitioner when, during the plea hearing, it did not inform Petitioner of his constitutional right to compulsory process, thereby failing to strictly comply with Ohio Crim. R. 11(C)(2)(c), in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

3.      The trial court erred because it did not have the authority to impose a term of five years of post-release control or parole for life.

(Docket No. 4, Attachment 1, pp. 95-104 of 183). The State filed its response in opposition to

4

Petitioner's first two alleged assignments of error, but conceded error on Petitioner's third claim (Docket No. 4, Attachment 1, pp. 133-39 of 183). Therefore, on October 4, 2011, the Court of Appeals denied in part and granted in part Petitioner's Motion, vacating Petitioner's post-release control sentence and remanding the case to the trial court for proper imposition of post-release control. *State v. Wulff*, 2011 Ohio 5146 (Ohio Ct. App. 2011) ("*Wulff II*").

On November 4, 2011, Petitioner timely filed, *pro se*, a Notice of Appeal to the Ohio Supreme Court (Docket No. 4, Attachment 1, pp. 149-69 of 183). In his Memorandum in Support of Jurisdiction, Petitioner raised the following assignments of error:

1. An appellant is denied his constitutional right to effective assistance of counsel on direct appeal when counsel omits raising errors that could have affected the result of the appeal in favor of the appellant or at least not caused the issues and claims to be procedurally defaulted.

2. The trial court erred to the prejudice of Petitioner when it abused its discretion by failing to inquire further into Petitioner's capacity to plead guilty and understand the consequences of his plea.

3. The trial court erred to the prejudice of Petitioner during the plea hearing when it did not inform him of his constitutional right to compulsory process, thereby failing to strictly comply with Ohio Crim. R. 11(C)(2)(c), in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section, 10 of the Ohio Constitution.

(Docket No. 4, Attachment 1, pp. 151-60 of 183). On January 18, 2012, the Ohio Supreme Court declined jurisdiction and dismissed Petitioner's appeal as not involving any substantial constitutional question (Docket No. 4, Attachment 1, p. 170 of 183).

## D.   PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed a Petition under 28 U.S.C. § 2254(d) for Writ of Habeas Corpus on December 26, 2012, which is now before this Court, alleging the following four assignments of error:

1.     The trial court erred when it imposed consecutive sentences without making the findings of fact required by R.C. § 2929.14(E)(4) as affirmed by the Ohio legislature subsequent to *Oregon v. Ice*, and abused its discretion by not considering the mitigating factors before imposing consecutive sentences on Petitioner.

2.     The trial court erred when it sentenced Petitioner to consecutive sentences when the convictions for tampering with evidence and gross abuse of a corpse are allied offenses of similar import, in violation of the Double Jeopardy clause of the United States Constitution.

3.     The trial court erred to the prejudice of Petitioner when it abused its discretion by failing to further inquire into Petitioner's capacity to plead guilty and understand the consequences of his plea.

4.     The trial court erred to the prejudice of Petitioner when, during the plea hearing, it did not inform him of his constitutional right to compulsory process, thereby failing to strictly comply with Ohio Crim. R. 11(C)(2)(c), in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

(Docket No. 1). The State opposes the Petition and implores this Court to deny the Writ (Docket No. 4).

## IV. ANALYSIS

Petitioner fails to present any ground upon which this Court may grant relief. Although Petitioner's first and second grounds have been properly raised and are subject to habeas review, the Magistrate finds them to be without merit. Petitioner's remaining claims, grounds three and four, were not properly exhausted at the state level and are therefore procedurally defaulted. The Magistrate deals first with this procedural issue.

### A.     PROCEDURAL ISSUES

#### 1.     PROCEDURAL DEFAULT STANDARD OF REVIEW

Claims in federal habeas corpus can only be pursued if certain procedural requirements are met. Federal courts lack jurisdiction to consider a habeas petition claim not fairly presented

to the state courts. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (*citing Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). A petitioner "fairly presents a federal habeas claim to the state courts only if he 'asserted both the factual and legal basis for his claim.'" *Hicks v. Straub*, 377 F.3d 538, 552 (2004) (*quoting McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). In making this determination, a habeas court may consider whether:

> (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged 'facts well within the mainstream of [the pertinent] constitutional law.'

*McMeans*, 228 F.3d at 681.

Not only must a state prisoner fairly present his case to the state courts, he must also *exhaust* his state remedies before bringing his claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b), (c). A habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If there remains a remedy under state law the petitioner has not yet pursued, exhaustion has not occurred, and the federal habeas court cannot entertain the merits of the claim. *Drummond v. Houk*, 761 F.Supp.2d 638, 662 (N.D. Ohio 2010).

In *Maupin v. Smith*, the Sixth Circuit outlined that now familiar test to be followed in cases of potential procedural default. 785 F.2d 135 (6th Cir. 1986). First, the federal court must determine whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule. *Id*. at 138. Second, the federal court must determine whether the state courts enforced the state procedural sanction - that is, whether the

7

state courts actually based their decisions on the procedural rule. *Id*. Third, the federal court must

consider whether the state rule is an adequate and independent state ground on which the state

can rely to foreclose federal review of a federal constitutional claim. *Id*. To be independent, "a

state procedural rule and the state courts' application of it 'must rely in no part on federal law.'"

*Drummond*, 761 F.Supp.2d at 663 (*citing Fautenberry v. Mitchell*, 2001 U.S. Dist. LEXIS 25700

(S. D. Ohio 2001)). To be adequate, "a state procedural rule must be 'firmly established and

regularly followed' by the state courts at the time it was applied." *Drummond*, 761 F.Supp.2d at

663 (*quoting Beard v. Kindler*, 130 S.Ct. 612, 617 (2009)).

      In determining whether the first three *Maupin* factors are met, the federal court looks to

the "last explained state court judgment." *Drummond*, 761 F.Supp.2d at 664 (*citing Ylst v.*

*Nunnemaker*, 501 U.S. 797, 805 (1991)). If this court rendered its opinion based on the state

procedural bar, default occurs. *Maupin*, 785 F.2d at 138. If this court reached its opinion based

on the merits of the claim, default does not occur and the federal habeas court may also consider

the merits of the claim. *Id*.

      Finally, under *Maupin*, if a claim is procedurally defaulted, a federal court may only

consider the merits of the claim if the petitioner demonstrates either: (1) there was cause for him

not to follow the procedural rule and he was actually prejudiced by the alleged constitutional

error; or (2) a fundamental miscarriage of justice will result from a bar of federal habeas review.

*Id*. With regard to the first option, to establish "cause," a petitioner must generally show that

some objective factor, something external to himself, precluded him from complying with

the state procedural rule. *Kirby v. Beightler*, 2010 U.S. Dist. LEXIS 87158, *14 (N.D. Ohio

2010). To establish "prejudice," the petitioner must show the alleged constitutional error worked

to his actual and substantial disadvantage, infecting the entire proceeding with error of a

8

constitutional dimension. *Id*. There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial. *Id*.

The second option, demonstrating a fundamental miscarriage of justice, is closely tied to the "actual innocence" doctrine. *Gibbs v. United States*, 655 F.3d 473, 477-78 (6th Cir. 2011) (*citing Schlup v. Delo*, 513 U.S. 298, 321 (1995)). According to the United States Supreme Court, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Actual innocence is an extremely narrow exception, and one that is very rarely successful. *Gibbs*, 655 F.3d at 477-78.

To demonstrate a fundamental miscarriage of justice, a petitioner must prove he or she is actually innocent of the crime for which he or she was convicted. *Brinkley v. Houk*, 2012 U.S. Dist. LEXIS 60621 (N.D Ohio 2012). Actual innocence means factual innocence, not mere legal insufficiency. *Id*. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Cleveland v. Bradshaw*, 760 F.Supp.2d 751, 756 (N.D. Ohio 2011) (*quoting Schlup*, 513 U.S. at 327). To prevail, a petitioner must support his allegations with new reliable evidence not presented at trial, whether it be exculpatory evidence, scientific evidence, critical physical evidence, or trustworthy eyewitness accounts. *Bradshaw*, 760 F.Supp.2d at 756.

**2.    GROUNDS THREE AND FOUR ARE PROCEDURALLY DEFAULTED**

In his direct appeal from his June 2009 judgment of conviction, Petitioner presented two assignments of error to the Court of Appeals:

1.    The trial court's imposition of consecutive sentences is contrary to law and an abuse of discretion.

2.    The trial court erred by not merging convictions for tampering with evidence and abuse of a corpse which arose out of the same act with a single animus.

(Docket No. 4, Attachment 1, pp. 43-55 of 183). These issues were also presented by Petitioner to the Ohio Supreme Court (Docket No. 4, Attachment 1, pp. 80-92 of 183).

Review of Petitioner's current habeas claims reveals that grounds one and two clearly mirror Petitioner's direct appeal claims (Docket No. 1; Docket No. 4, Attachment 1, pp. 43-55 of 183). However, habeas grounds three and four are absent from Petitioner's direct appeal (Docket No. 1; Docket No. 4, Attachment 1, pp. 43-55 of 183).

As stated above, Petitioner must exhaust his state court remedies before bringing his claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b), (c). This requirement is only satisfied when the highest court in the state in which a petitioner has been convicted has had a full and fair opportunity to rule on the claims. *Rust*, 17 F.3d at 160. Without exhaustion, the federal habeas courts cannot entertain the merits of the claim. *Drummond*, 761 F.Supp.2d at 662. Given Petitioner's failure to present habeas grounds three and four to the state courts for proper review, they are now procedurally defaulted under the doctrine of *res judicata*.

For purposes of the first two prongs of the *Maupin* analysis, it is well established under Ohio's doctrine of *res judicata* that a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial on the merits, or on appeal from that underlying judgment.  *State v. Perry*, 10 Ohio St. 3d 175, 180 (1967).  Thus, unless a claim is based on evidence outside of the record, it must be

10

raised during the appeal or it is deemed waived.  *Id.* Here, Petitioner could have raised grounds three and four, failure to inquire into Petitioner's capacity to plead guilty and failure to inform Petitioner of his right to compulsory process, during his direct appeal. His failure to do so renders these claims waived.

With regard to the third *Maupin* prong, the Sixth Circuit has specifically held that the application of *res judicata* in criminal cases is an adequate and independent state ground on which the state can rely to foreclose federal review.  *Buell v. Mitchell*, 274 F. 3d 337, 348 (6th Cir. 2001).  Given Petitioner's failure to present habeas grounds three and four for state court review, Petitioner's claims are procedurally defaulted.

Petitioner's presentation of these claims in his Rule 26(B) Motion for ineffective assistance of counsel is not a substitution for proper presentation of the *substantive* underlying claims. "[B]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'" *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (*citing White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)). Therefore, Petitioner's failure to allege the *substance* of these claims as error on direct appeal now prohibits their habeas review.

The Magistrate may only excuse this default and consider Petitioner's claims on the merits if Petitioner can demonstrate either: (1) there was cause not to follow the procedural rule and Petitioner was actually prejudiced by the alleged constitutional error; or (2) a fundamental miscarriage of justice would result from a bar of federal habeas review. *Maupin*, 785 F.2d at 138.

11

To establish "cause," a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule. *Kirby*, 2010 U.S. Dist. LEXIS 87158 at *14. Petitioner alleges, in habeas grounds three and four, that it was his counsel's mistake, not his, in failing to raise these substantive issues on appeal (Docket No. 1, pp. 8-9 of 13). The United States Supreme Court has held that "[i]neffective assistance of counsel . . . is cause for a procedural default. However . . . the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Here, Petitioner properly exhausted habeas grounds three and four in terms of ineffective assistance of counsel in his Rule 26(B) motion (Docket No. 4, Attachment 1, pp. 95-105 of 183). However, after review, the Court of Appeals rejected Petitioner's arguments:

> In the case sub judice, [Petitioner] raises three proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. Specifically, [Petitioner] argues that his appellate counsel was ineffective for failing to assign as error the trial court's failure to inquire into his competency to enter a plea of guilty, the trial court's failure to advise him of his right to compulsory process, and the trial court's imposition of five years of postrelease control.

> Initially, we find that the plea colloquy, that occurred during the hearing conducted on June 8, 2009, demonstrates that [Petitioner] was lucid when entering his plea of guilty to the offenses of murder, tampering with evidence, and abuse of a corpse. In addition, the competency evaluation of [Petitioner] established that he was able to understand the nature and objectives of the court proceedings and that he was able to assist in his defense. It must also be noted that [Petitioner] is not rendered incompetent to stand trial or enter a plea of guilty because he is being treated with medicinal drugs. [Petitioner's] first proposed assignment of error is not well taken and consideration of the issue of competency on appeal would not have resulted in a different outcome.

> [Petitioner], through his second proposed assignment of error, argues that the trial court failed to advise him of his right to compulsory process. An additional review of the plea hearing of June 8, 2009, demonstrates that the trial court

12

explained the constitutional right of compulsory process in a manner reasonably intelligent to [Petitioner]. [Petitioner's] second proposed assignment of error is not well taken and consideration of the issue of compulsory process on appeal would not have resulted in a different outcome.

*Wulff II*, 2011 Ohio 5146 at *P6-*P8.

Given the appellate court's decision, Petitioner may now only obtain relief on federal habeas corpus grounds if he can show that the state court's adjudication of his claim involved an "unreasonable application" as outlined in *Strickland v. Washington* (466 U.S. 668 (1984)). *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). In *Bell*, the United States Supreme Court stated

> [f]or a habeas petitioner to succeed on an ineffective assistance of counsel claim, he must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance, because under 28 U.S.C.S. § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied the *Strickland* test to the facts of his case in an *objectively unreasonable manner*.

535 U.S. 685 at 698-99. Petitioner is unable to meet this burden.

Petitioner argues the trial court should have conducted further investigation into whether Petitioner was making a knowing, voluntary, and intelligent plea, given Petitioner's history of substance abuse and mental illness (Docket No. 1, Attachment 1, pp. 7-8 of 10). At the time of his hearing on June 8, 2009, Petitioner had been found competent to stand trial (Docket No. 4, Attachment 1, p. 14 of 183). There is no evidence that, during Petitioner's plea colloquy, Petitioner was anything but aware of the charges against him and the possible penalties these charges carried, given Petitioner's decision to plead guilty (Docket No. 5, Attachment 1, pp. 8-28 of 28). Given this Magistrate's review of Petitioner's plea colloquy and the Appellate Court's decision on Petitioner's Rule 26(B) motion, there is no evidence that the state court applied the facts of Petitioner's case in an objectively unreasonable manner.

13

The same holds true for Petitioner's habeas ground four. Petitioner alleges the trial court erred by failing to inform Petitioner of his constitutional right to compulsory process (Docket No. 1, p. 9 of 13). Review of the transcript from Petitioner's May 2010 sentencing hearing reveals otherwise:

> COURT:  Either way, either type of trial, it's the Prosecution's responsibility for proving that you committed these offenses beyond a reasonable doubt. They would do that by bringing in witnesses, people who would come in and testify about what happened back in July of last year.
>
> Your attorneys could get up and ask those witnesses questions for you. That's called cross-examination.
>
> If you had your own witnesses, you could bring them in. If they refused to come in for you, you could ask me to bring them in, and I would send the county sheriff out to bring your witnesses in for you. . .
>
> Alex, do you understand that?
>
> PETITIONER:  Yes.

(Docket No. 5, Attachment 1, pp. 19-20 of 28). Given this exchange, Petitioner cannot now say he was unaware of his right to compulsory process. Therefore, Petitioner presents no cause for failing to present habeas grounds three and four to the state court for review. His only remaining option for defeating procedural default is to show a fundamental miscarriage of justice.

To demonstrate a fundamental miscarriage of justice, a petitioner must prove he or she is actually innocent of the crime for which he or she was convicted. *Brinkley*, 2012 U.S. Dist. LEXIS 60621. This means "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Bradshaw*, 760 F.Supp.2d at 756. A petitioner must support his allegations with new reliable evidence not presented at trial. *Id*. Here, Petitioner makes no claim of actual innocence, and he certainly does

14

not set forth any new reliable evidence upon which to stake a claim of actual innocence. Therefore, Petitioner cannot demonstrate a fundamental miscarriage of justice.

Given Petitioner's failure to exhaust his legal remedies within the state courts, and the inability of this Magistrate to find either just cause and actual prejudice or a fundamental miscarriage of justice, Petitioner's habeas grounds three and four are procedurally defaulted. As such, this Magistrate recommends that these claims be dismissed.

**B.  HABEAS CORPUS PETITION**

To garner federal review, it is essential the legal claims raised by Petitioner in the state court be the substantial equivalent of the claims raised in his federal petition. Here, Petitioner fairly presented two claims to the state courts: (1) the trial court erred in imposing consecutive sentences without making the required findings of fact under R.C. § 2929.14(E)(4), and abused its discretion by not considering any mitigating factors before imposing that sentence; and (2) the trial court erred when it sentenced Petitioner to consecutive sentences for allied offenses of similar import, thereby violating Petitioner's protection against Double Jeopardy (Docket No. 1, pp. 5-7 of 13).

**1.  HABEAS STANDARD OF REVIEW**

An application for a writ of habeas corpus on behalf of a person in custody shall not be granted with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" clearly established federal law when the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A decision results in an

"unreasonable application" of clearly established federal law when the state court identifies the

correct governing legal principle from the Supreme Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case. *Id*. at 413. The term "unreasonable" must be

based on an objective interpretation. Therefore, a reviewing court "faced with a record of

historical facts that supports conflicting inferences must presume – even if it does not

affirmatively appear on the record – that the trier of fact resolved any such conflicts in favor of

the prosecution, and must defer to that resolution." *Id*. (*citing Jackson v. Virginia*, 99 S.Ct. 2781,

2792-93 (1979)).

　　　In order to obtain federal habeas corpus relief, a petitioner must establish the state court's

decision was "so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fair-minded disagreement." *Bobby v.

Dixon*, 132 S.Ct. 26, 27 (2011) (*quoting Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011)).

This bar is difficult to meet because "'habeas corpus is a guard against extreme malfunctions in

the state criminal justice systems,' not a substitute for ordinary error correction through appeal."

*Harrington*, 131 S.Ct. at 786 (2011) (*citing Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief

so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington*, 131 S.Ct. at 786 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The

petitioner carries the burden of proof. *Harrington*, 131 S.Ct. at 787.

16

## 2.  GROUND ONE: CONSECUTIVE SENTENCES

Petitioner alleges the trial court failed to make the required findings of fact or consider any mitigating factors before imposing consecutive sentences (Docket No. 1, Attachment 1, pp. 1-3 of 10). To support his position, Petitioner relies upon the 2009 United States Supreme Court case *Oregon v. Ice* (555 U.S. 160 (2009)) (Docket No. 1, pp. 1-3 of 10). In order to best understand Petitioner's argument, some background is necessary.

Prior to February 2006, a trial court's decision to impose consecutive sentences was governed by R.C. § 2929.14. *State v. Foster*, 109 Ohio St.3d 1, 19-20 (2006). As stated by the Ohio Supreme Court, then-statute R.C. § 2929.14(B) "generally require[d] a court to make definite findings in order to lawfully impose a sentence that [was] greater than the minimum upon offenders with no history of imprisonment." *State v. Evans*, 102 Ohio St.3d 240, 242 (2004). That statute provided an exception to the general requirement if a court found, pursuant to then-statute R.C. § 2929.14(C), that a maximum sentence was warranted.[1] *Id.*

In 2006, the Ohio Supreme Court held these provisions of the Ohio Revised Code to be unconstitutional, based on the decisions of the United States Supreme Court in *Blakely v. Washington* (542 U.S. 296 (2004)) and *Apprendi v. New Jersey* (530 U.S. 466 (2000)). *Foster*, 109 Ohio St.3d at 21-22. To remedy this defect, the offending provisions were severed from the remaining valid portions of Ohio's statutory sentencing framework. *Id.* at 29.

---

[1] These exceptions, found at then-statute R.C. § 2929.14(E), required the court to find that "consecutive service [was] necessary to protect the public from future crime or to punish the offender and that consecutive sentences [were] not disproportionate to the seriousness of the offender's conduct and to the danger the offender pose[d] to the public." *Foster*, 109 Ohio St.3d at 20-21. Additionally, the court was required to make at least one of the following three findings: (1) the offender was already under control of the court due to an earlier conviction; (2) at least two of the offenses were committed as part of a course of conduct and the harm was so great or unusual that no single prison term adequately reflected the seriousness of the conduct; or (3) the offender's history demonstrated that consecutive sentences were necessary to protect the public. *Id.* at 21.

Subsequent to *Foster*, the United States Supreme Court, in *Ice*, upheld the constitutionality of an Oregon statute requiring trial judges to make factual findings prior to imposing consecutive sentences. 555 U.S. 160. Despite what Petitioner would have this Court believe, the holding in *Ice* did not affect the Ohio Supreme Court's holding in *Foster*. As the United States Supreme Court noted in *Ice*, "specification of the regime for administering multiple sentences has long been considered the prerogative of state legislatures." *Ice*, 555 U.S. at 168. The Court went on to state "the authority of States over the administration of their criminal justice systems lies at the core of sovereign status." *Id*. at 170. Thus, although the United States Supreme Court upheld an Oregon statute requiring judicial findings, it does not stand to reason that the Court *mandated* such findings in cases of consecutive sentences.

Indeed, the Ohio Supreme Court took up this very notion in its 2010 case *State v. Hodge* (128 Ohio St. 3d 1 (2010)). In *Hodge*, the Court engaged in vigorous debate as to whether *Ice* required the Ohio legislature to revive its pre-*Foster* statutes requiring judicial findings prior to the imposition of consecutive sentences. *Id*. In the end, the Court was not persuaded that the *Ice* decision automatically revived Ohio's former consecutive sentencing statutory provisions in R.C. §§ 2929.14(E)(4), 2929.41(A). Therefore, *Foster* remains the rule in Ohio.[2]

Given this caselaw, the Magistrate finds Petitioner's argument to be without merit. Relying upon *Foster*, the trial judge had no obligation to engage in any judicial fact-finding prior

---

[2] Of note, the Ohio General Assembly amended former R.C. § 2929.14(E)(4) and enacted new language previously invalidated and severed by the Ohio Supreme Court's decision in *Foster*, effective September 30, 2011. R.C. § 2929.14. It appears that the intent of the General Assembly is to simultaneously repeal and revive the amended language in those divisions that were invalidated and severed by the Ohio Supreme Court's decision in *Foster*. The amended language in those divisions is subject to re-enactment under the United States Supreme Court's decision in *Ice* and the Ohio Supreme Court's decision in *Hodge*. Although constitutional under *Hodge*, that language is not enforceable until deliberately revived by the General Assembly. Petitioner's claim is not subject to this Amendment since he was sentenced on June 8, 2009, approximately two years prior to the effective date of the Amendment.

to issuing Petitioner's consecutive sentences. Therefore, Petitioner's habeas ground one is without merit and the Magistrate recommends that it be dismissed.

### 3.    GROUND TWO: ALLIED OFFENSES OF SIMILAR IMPORT/DOUBLE JEOPARDY

#### a.    PROPERLY PRESENTED

In his second ground for habeas relief, Petitioner claims the trial court erred by sentencing him to consecutive sentences for allied offenses of similar import, in violation of his protection against Double Jeopardy (Docket No. 1, p. 6 of 13). Specifically, Petitioner alleges that tampering with evidence and gross abuse of a corpse are allied offenses of similar import (Docket No. 1, p. 6 of 13). Petitioner's claim is without merit.

As an initial matter, the State argues, in its Opposition, that Petitioner's second habeas ground should be procedurally defaulted, given Petitioner's failure to present it as a Double Jeopardy claim during the state appellate process (Docket No. 4, pp. 9-10 of 22). While the State is correct in stating that Petitioner failed to present this ground as a Double Jeopardy claim on direct review, some leeway must be granted.

As stated above, to garner federal habeas review, a Petitioner must fairly present his claim to the state courts. *Blackmon*, 394 F.3d at 400. To determine whether Petitioner has fairly presented his claim, a habeas court may consider whether the Petitioner: (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional rights in question; (2) relied upon federal cases employing the constitutional right in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged facts well within the mainstream of the pertinent constitutional law. *McMeans*, 228 F.3d at 681.

19

Here, although Petitioner did not specifically allege a violation of Double Jeopardy in his state law claims on appeal, he did rely upon a state case employing this very constitutional analysis. In his direct appeal, Petitioner cited *State v. Cabrales* (118 Ohio St. 3d 54 (Ohio 2008)), which in turn relied extensively on *State v. Rance* (85 Ohio St.3d 632 (Ohio 1999)), a touchstone case dealing with Double Jeopardy and allied offenses (Docket No. 4, Attachment 1, pp. 40-41 of 183). In *Rance*, the defendant argued he could not be convicted of two crimes when the same act provided grounds for both charges. 85 Ohio St.3d at 634. The court disagreed, holding that the applicable test for deciding whether offenses were allied offenses for purposes of Double Jeopardy was whether the "elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other." *Id.* at 636.

Additionally, while the Sixth Circuit "has not issued a definitive ruling on the issue, district courts in Ohio have held that the state statutory provision pertaining to 'allied offenses of similar import' is grounded in double-jeopardy concerns, and therefore, a claim that multiple sentences were imposed in violation of R.C. § 2941.25 places the state courts on notice that there is a federal constitutional dimension to the claim." *Bowling v. Warden*, 2013 U.S. Dist. LEXIS 90678, *9-*10 (S.D. Ohio 2013). *See, e.g.*, *Palmer v. Haviland*, 2006 U.S. Dist LEXIS 95890 (S.D. Ohio 2006); *Jackson v. Smith*, 2011 U.S. Dist. LEXIS 106362 (N.D. Ohio 2011). Given Petitioner's reliance on R.C. § 2941.25 in his direct appeal, it is reasonable to assume his claim was grounded also in Double Jeopardy concerns. Therefore, Petitioner is not procedurally barred from raising ground two in his instant habeas petition.

20

b.    ALLIED OFFENSES

Given Petitioner's state-law focused presentation of ground two, this Court is cognizant of the fact that the state Court of Appeals made no ruling regarding the alleged Double Jeopardy violation. Instead, the appellate court based its holding on two additional principles. First, Petitioner's voluntary guilty plea to both tampering with evidence and gross abuse of a corpse prevented Petitioner from even raising an allied offenses claim, pursuant to *State v. Antenori* (2008 Ohio 5987 (Ohio Ct. App. 2008)). Second, even if Petitioner's claim were allowed, it has no merit, given the Ohio Supreme Court's decision in *State v. Johnson* (128 Ohio St.3d 153 (Ohio 2010)), governing interpretation of R.C. § 2941.25, Ohio's allied offenses statute:

> Moreover, the Ohio Supreme Court recently directed appellate courts to consider the underlying conduct when reviewing possible allied offenses. Pursuant to *State v. Johnson* . . . the State has set forth separate acts of conduct that show [Petitioner] tampered with evidence by washing his truckbed of evidence, and a separate act of burning the victim's corpse. Therefore, the two offenses do not merge under these circumstances.

*Wulff I*, 2011 Ohio 700 at *P27. Absent any evidence to the contrary, this Court must defer to the findings of the state Court of Appeals on the state law issue. *Williams*, 529 U.S. at 413.

However, the state appellate court's decision still does not resolve Petitioner's current Double Jeopardy habeas claim. The Sixth Circuit recently set forth a summary of the protection against double jeopardy concerning multiple sentences for a single act:

> The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall be subject for the same offence to be twice put in jeopardy of life or limb. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense . . .

21

The Supreme Court has interpreted the multiple-punishments aspect of the Double Jeopardy Clause as protecting defendants from being punished more than once for a single act when the legislature does not intend for the punishments to be cumulative. In other words, with respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. When two different statutory provisions authorize punishment for the same act, the first step is to determine whether [the legislature] intended to punish cumulatively the same conduct which violates two statutes.

In *Blockburger v. United States*, the Supreme Court developed the 'same elements' test to determine whether Congress has authorized cumulative punishments: The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. The *Blockburger* test, however, is a rule of statutory construction, not a constitutional test in and of itself. As a result, the *Blockburger* test does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

Moreover, [w]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes. Under the Double Jeopardy Clause, when evaluating whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, a federal court is bound by a state court's determination of the legislature's intent. Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination.

*Volpe v. Trim*, 708 F.3d 688, 695-97 (6th Cir. 2013) (internal citations omitted).

Here, Petitioner alleges that his convictions and sentences for tampering with evidence and gross abuse of a corpse resulted in a Double Jeopardy violation because, from Petitioner's view, his conduct involved only a blanket tampering with evidence violation (Docket No. 1, Attachment 1, pp. 4-7 of 10). At the time of Petitioner's plea and sentencing, neither the Ohio Legislature nor the Ohio Supreme Court had set forth any law or ruling finding tampering with

22

evidence and gross abuse of a corpse to be allied offenses of similar import.[3] The United States

Supreme Court has repeatedly held that "a state court's interpretation of state law, including one

announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas

corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Given the State's position, or lack thereof,

on these particular alleged allied offenses of similar import at the time of Petitioner's plea and

sentencing, the trial court properly sentenced Petitioner to consecutive sentences on both

tampering with evidence and gross abuse of a corpse. This finding of state law may not now be

set aside by this federal habeas court.

       Therefore, this Magistrate finds Petitioner's habeas ground two to be without merit and

recommends that it be dismissed.

### VI. CONCLUSION

       For these reasons, the Magistrate recommends the Court deny the Petition for Writ of

Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:        August 27, 2013

---

[3] Interestingly enough, recent cases *have* found tampering with evidence and gross abuse of a corpse to be allied offenses of similar import when both crimes stem from a defendant's disposal of the body. *See State v. Shears*, 2013 Ohio 1196 (Ohio Ct. App. 2013); *State v. Crisp* 2012 Ohio 1730 (Ohio Ct. App. 2012); *State v. Evans*, 2012 Ohio 850 (Ohio Ct. App. 2012).

## VII. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeahals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.