PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX WULFF, | ) | CASE NO. 1:12CV3104 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| TERRY TIBBALS, *Warden* | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Resolving ECF No. 1] |

Before the Court is *pro se* Petitioner Alex Wulff's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. United States Magistrate Judge Vernelis K. Armstrong prepared a report and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B), and recommended that the habeas petition be denied. ECF No. 7. Petitioner timely filed objections to the report and recommendations. ECF No. 9. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided, the Court overrules Petitioner's objections, adopts the report and recommendations, and denies in part, and dismisses in part, the habeas petition.

## I. Factual and Procedural History

### A. State Trial

On the morning of July 16, 2008, Petitioner and his brother brutally beat a man with a baseball bat in Petitioner's front yard in Cleveland, Ohio. ECF No. 4-1 at 47. Petitioner transported the victim in his pick-up truck and further beat him to the point of death. Id. After dumping the

(1:12CV3104)

victim's body in a Cleveland Park, Petitioner attempted to power wash the back of the pick-up truck to destroy any evidence. *Id.* Petitioner later decided to burn the victim's body in a fire pit over the course of several hours on Petitioner's family farm in Ashtabula, Ohio. *Id.* at 107-08. Petitioner and his brother were arrested three days later. *Id.* at 108.

A grand jury indicted Petitioner on 10 counts. *Id.* at 3-12. Petitioner entered pleas of not guilty to all counts. *Id.* at 13. After Petitioner underwent an evaluation, the Court determined that Petitioner was competent to stand trial. *Id.* at 14. Petitioner later pled guilty to 3 of the 10 counts–murder, tampering with evidence, and gross abuse of a human corpse. *Id.* at 14. The remaining counts were nolled, on the condition that Petitioner plead guilty to the aforementioned charges. *Id.* Petitioner was sentenced to a term of 15 years to life on the murder charge, a term of four years for the tampering with evidence charge, and a term of 12 months for the gross abuse of a human corpse charge, with the terms to be served consecutively for a total of twenty years to life. *Id.* at 16. The Court entered a *nunc pro tunc* order advising Petitioner of his five-year term of post-release control and parole. *Id.* at 17.

**B.     Direct Appeal**

Petitioner failed to timely file a notice of appeal with the Ohio Court of Appeals. *Id.* at 19. On October 15, 2009, however, Petitioner filed, *pro se,* a Motion for Delayed Appeal in the Eight District Court of Appeals for Cuyahoga County. *Id.* at 19. On November 13, 2009, the Court granted Petitioner's Motion and he filed a delayed appeal. *Id.* at 23. His two assignments of error were 1) the trial court's imposition of consecutive sentences is contrary to law and an abuse of discretion; and 2) the trial court erred by not merging convictions for tampering with evidence and

(1:12CV3104)

gross abuse of a corpse which arose out of the same act with a single animus. *Id.* at 23. The state filed a brief in opposition to Petitioner's appeal. *Id.* at 24. On February 17, 2011, the Court of Appeals affirmed the trial court's ruling. *State v. Wulff*, 2011 Ohio 700 (Ohio Ct. App. 2011) ("*Wulff I*").

On March 30, 2011, Petitioner timely appealed the decision of the Ohio Court of Appeals to the Ohio Supreme Court. ECF No. 4-1 at 67. In his memorandum in support of jurisdiction, Petitioner presented two assignments of error:

> 1. The trial court erred when it imposed consecutive sentences without making the findings of fact required by R.C. 2929.14(E)(4) as affirmed by the legislature subsequent to Oregon v. Ice, and abused its discretion by not taking into consideration the mitigating factors before imposing consecutive sentences.
>
> 2. The trial court erred when it sentenced the appellant to consecutive sentences when the convictions for tampering with evidence and gross abuse of a corpse are allied offenses of similar import, in violation of R.C. 2941.25 and State v. Johnson, 2010-Ohio-6314.

*Id.* at 80-92. On April 1, 2011, the State filed a waiver of response. *Id.* at 93. On May 25, 2011, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed Petitioner's appeal because it did not involve any substantial constitutional question. *Id.* at 94.

    **C.**    **Rule 26(B) Application to Reopen Appeal**

While awaiting a response from the Ohio Supreme Court to his direct appeal, Petitioner, proceeding *pro se*, filed a "delayed" application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). ECF No. 4-1 at 95-132. Petitioner asserted that his appellate counsel's ineffective assistance compromised his appeal for failing to raise the following alleged errors:

(1:12CV3104)

>1. The trial court erred to the prejudice of Petitioner when it abused its discretion and failed to inquire into Petitioner's competency to plead guilty and to understand the consequences of his appeal.
>
>2. The trial court erred to the prejudice of Petitioner when, during the plea hearing, it did not inform Petitioner of his constitutional right to compulsory process, thereby failing to strictly comply with Ohio Crim. R. 11(C)(2)(c), in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
>3. The trial court erred because it did not have the authority to impose a term of five years of post-release control or parole for life.

Id. at 95-104.  The State filed a response in opposition to Petitioner's first two alleged assignments of error, but conceded error on Petitioner's third claim.  Therefore, on October 4, 2011, the Court of Appeals denied in part and granted in part Petitioner's Motion, vacating Petitioners sentence of 5-year post-release control and remanding the case to the trial court for imposition of proper post-release control.  *State v. Wulff*, 2011 Ohio 5146 (Ohio Ct. App. 2011) *("Wulff II")*.

On November 4, 2011, Petitioner, proceeding *pro se*, timely filed a Notice of Appeal to the Ohio Supreme Court.  ECF No. 4-1 at 149-69.  In his Memorandum in Support of Jurisdiction, Petitioner raised the following assignments of error:

>1. An appellant is denied his constitutional right to effective assistance of counsel on direct appeal when counsel omits raising errors that could have affected the result of the appeal in favor of the appellant or at least not caused the issues and claims to be procedurally defaulted.
>
>2. The trial court erred to the prejudice of Petitioner when it abused its discretion by failing to inquire further into Petitioner's capacity to plead guilty and understand the consequences of his plea.
>
>3. The trial court erred to the prejudice of Petitioner during the plea hearing when it did not inform him of his constitutional right to compulsory process, thereby failing to strictly comply with Ohio Crim. R. 11(C)(2)(c), in violation of the Sixth and

(1:12CV3104)

>Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

ECF No. 4-1 at 151-60.  On January 18, 2012, the Ohio Supreme Court declined jurisdiction and dismissed Petitioner's appeal as not involving any substantial constitutional question.  *Id.* at 170.

### D. Federal Habeas Review

In a timely-filed petition for a writ of habeas corpus under 28 U.S.C. § 2254, Petitioner, proceeding *pro se*, presents to this Court the following four grounds for habeas relief:

> 1. The trial court erred when it imposed consecutive sentences without making the findings of fact required by R.C. § 2924.14(E)(4) as affirmed by the Ohio legislature subsequent to *Oregon v. Ice*, and abused its discretion by not considering the mitigating factors before imposing consecutive sentences on Petitioner.
>
> 2. The trial court erred when it sentenced Petitioner to consecutive sentences when the convictions for tampering with evidence and gross abuse of a corpse are allied offense of similar import, in violation of the Double Jeopardy clause of the United States Constitution.
>
> 3. The trial court erred to the prejudice of Petitioner when it abused its discretion by failing to further inquire into Petitioner's capacity to plead guilty and understand the consequences of his plea.
>
> 4. The trial court erred to the prejudice of Petitioner when, during the plea hearing, it did not inform him of his constitutional right to compulsory process, thereby failing to strictly comply with Ohio Crim. R. 11(C)(2)(c), in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

ECF No. 1 at 1-10.

The State filed a return of writ.  ECF No. 4.  Petitioner filed a traverse.  ECF No. 6.  United States Magistrate Judge Vernelis K. Armstrong issued a report and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B), in which he recommended that the habeas petition should be denied

(1:12CV3104)

in part and dismissed in part. ECF No. 7. Petitioner timely filed objections. ECF No. 9. Petitioner's objections, in substance, are directed only to the magistrate judge's rejection of his double jeopardy claim and capacity to plead guilty claim.

## II.  AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a petition for a writ of habeas corpus with respect to any claim that was decided on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As interpreted by the United States Supreme Court:

> [u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The *Williams* Court emphasized that a court making the "unreasonable application" inquiry may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal habeas court should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

(1:12CV3104)

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011). Stated differently, in order to obtain federal habeas relief, a state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "This [is a] difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt . . . ." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (citation omitted; internal quotations omitted). Furthermore, pursuant to *Pinholster*, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

### III. Discussion

The Court adopts, without further review, the magistrate judge's recommendations to which Petitioner did not specifically object. "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). 28 U.S.C. § 636 does not require a district judge to review a magistrate judge's report to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d (1986). When proper objections are filed, the habeas court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations

(1:12CV3104)

made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).  Accordingly, the Court will confine its *de novo* review to the magistrate judge's recommendation that Petitioner's double jeopardy claim and inability to understand the plea deal claim do not merit the grant of habeas relief.

    **A.**    **Double Jeopardy (Assignment of Error Two)**

Petitioner argues that the magistrate judge–who deferred to the opinion of the state court because it was not contrary to law–erred in finding that there was no double jeopardy violation. The Ohio Court of Appeals had concluded that Petitioner's guilty plea for gross abuse of a corpse and guilty plea for tampering with evidence were not allied offense and denied Petitioner's claim for relief.  The Court of Appeals determined that because Petitioner voluntarily pled guilty to tampering with evidence and gross abuse of a corpse as two separate offenses, Petitioner waived any argument that these charges constituted allied offenses of similar import.  *See Wulff I* at 27 (citing *State v. Antenori*, Cuyahoga App. No. 90580, 2008-Ohio-5987, *1 (Nov. 20, 2008) ("a plea of guilty waives all non-jursidictional defects" ; "defendant who enters guilty plea to two distinct offenses waives argument that offenses are, in reality, allied offense of similar import.").

Notwithstanding its determination that Petitioner waived such a claim, the Court of Appeals examined the underlying offenses to determine if they were allied offenses.[1]  In *State v. Johnson*, 128 Ohio St.3d 153, 162-63 (2010), the Ohio Supreme Court held that the conduct of the accused must be considered when assessing whether two offenses are allied offenses of

---

[1]*Ohio v. Blankenship*, 38 Ohio St.3d 116, 119 (1988) offers the two-part test for determining whether two acts constituted allied offenses: first, a court determines "whether the nature of the elements of the offenses is such that in some instances they may overlap, that is, that in certain instances, both crimes may be committed by the same conduct,"; the second part is " based upon the conduct involved in a particular case, and the issue is whether in fact both offenses where committed by the same conduct."

(1:12CV3104)

similar import subject to the merger statute under R.C. §2941.25.² In acknowledging the lingering difficulty in the allied offenses analysis, the Court in *Johnson* went on to state "different results are permissible, given that the statute instructs courts to examine a defendant's conduct–an inherently subjective determination." *Johnson*, 128 Ohio St.3d at 163. As a result, some recent cases on their specific set of facts have found conduct that involved the gross abuse of a corpse and tampering with evidence to be allied offenses. *See, e.g.*, *State v. Shears*, 2013 Ohio 1196 at *9 (Ohio Ct. App. 2013) (after a bench trial in which defendant was found guilty, appeals court determined that trial court erred when it failed to merge the abuse of a corpse conviction with the tampering with evidence conviction); *State v. Crisp*, 2012 Ohio 1730 (Ohio Ct. App. 2012) (after a jury trial, the appeals court mandated the merger of a gross abuse of corpse count and a tampering with evidence count because both arose from the disposal of one body); *State v. Evans*, 2012 Ohio 850 (Ohio Ct. App. 2012) (parties themselves stipulated that tampering with evidence and gross abuse of a corpse convictions merged for the purposes of sentencing).

By comparison, Petitioner did not have a trial, nor did the parties stipulate that tampering with evidence and gross abuse of a corpse were allied offenses. The Court of Appeals held that

---

² The statute states:
A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

(1:12CV3104)

Defendant had pled guilty to two offenses of independent conduct. Petitioner tampered with evidence by attempting to scrub his truck bed of evidence of his crime. At a later time, Petitioner abused victim's corpse by burning it over the course of several hours. While Petitioner is correct in stating that his gross abuse of a corpse could be considered tampering with evidence, it need not be the basis for the tampering with evidence charge. Tampering with evidence can be committed without committing gross abuse of a corpse. The State "set forth separate acts of conduct that show . . . two offenses do not merge under these circumstances." *Wulff I*, 2011 Ohio 700 at *27. Absent any evidence to the contrary, this Court must defer to the findings of the state appeals court on the state law issue. *Williams,* 529 U.S. at 413. *See also Antenori*, 2009 Ohio 5987 at *2 (foreclosing defendant's allied offenses claim in holding "[a] review of the record indicates that the maximum, consecutive sentence imposed upon the defendant is neither clearly and convincingly contrary to law nor was it an abuse of discretion.")

This analysis informs the Court's inquiry into Petitioner's double jeopardy claim.[3] Petitioner contends that the court's failure to construe his gross abuse of a corpse conviction and his tampering with evidence conviction as allied offenses violates his fifth amendment right against double jeopardy. In analyzing such claims, the Sixth Circuit has stated, in relevant part, that:

---

[3]Although Petitioner did not specifically present his allegation of double jeopardy to the state court during his appeal, he relied on cases that addressed the double jeopardy issues present in allied offenses claims. *See, e.g., State v. Cabrales,*118 Ohio St.3d 54 (Ohio 2008); *State v. Rance*, 85 Ohio St.3d 632 (Ohio 1999). Both cases have been subsequently overruled by *Johnson*, which transformed the inquiry of whether two offenses are allied offenses under the same statutory elements from an abstract test into one that takes into consideration the conduct of the accused. *Johnson,* 128 Ohio St.3d at 162.

(1:12CV3104)

> When two different statutory provisions authorize punishment for the same act, the first step is to determine whether [the legislature] intended to punish cumulatively the same conduct which violates two statutes . . . the *Blockburger* test does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end . . . for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination.

*Volpe v. Trim*, 708 F.3d 688, 695-697 (6th Cir. 2013) (citing *Bradshew v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")).

Petitioner's gross abuse of a corpse charge arose under R.C. § 2927.01(B). His tampering with evidence charge arose under R.C. § 2921.12(A)(1). Given that the appeals court in this matter determined that the two acts were not allied offenses and Petitioner could be given sentences under the two statutes, the Court must defer to the appeals court judgment absent any law or Ohio Supreme Court decision to the contrary. The Court's double jeopardy inquiry, therefore, is at its end. *See Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014) (stating that the *Blockburger* test, a test of statutory construction and not constitutional interpretation, does not necessarily control the inquiry into the intent of the state legislature, but rather R.C. §2941.25 and its interpretation by the Ohio courts control).

### B. Petitioner's Capacity to Plead Guilty (Assignment of Error Three)

Petitioner argues that the magistrate judge erred in finding that Petitioner's third assignment of error in his habeas petition was procedurally defaulted. In that claim, Petitioner

(1:12CV3104)

argued that his counsel was ineffective for failing to raise the following error: "the trial court erred to the prejudice of Petitioner when it abused its discretion by failing to further inquire into Petitioner's capacity to plead guilty and understand the consequences of his plea." ECF No. 1 at 7. The Appeals Court of Ohio denied Petitioner's claim and the Supreme Court of Ohio declined jurisdiction.  In his habeas petition, Petitioner presented only the underlying claim of his ineffective assistance of counsel argument, without having raised the underlying claim on direct appeal.

"[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see Jalowiec v. Bradshaw*, No. 1:03CV0645, 2008 WL 312655 at *24 (N.D. Ohio January 31, 2008). "If a habeas petitioner fails to raise an issue in state court, the claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Lorraine v. Coyle*, 291 F.3d 416, 422 (6th Cir. 2002) (*citing Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)).

To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the claims of the petitioner. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner "fairly presents a federal habeas claim to the state courts only if he 'asserted both the factual and legal

(1:12CV3104)

basis for his claim.'" *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2013) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681(6th Cir. 2002).

Petitioner did not fairly present his underlying claim questioning his capacity to plead guilty to the state courts. Instead, he argued to the state courts that his counsel was ineffective for raising this claim. In his traverse, Petitioner cites to the case *Haliym v. Mitchell*, 492 F.3d 680 (6th Cir. 2007) for the proposition that when a state court declines jurisdiction on a matter for lack of any substantial constitutional issue, the state court necessarily rendered an opinion on the merits, "such that review by a federal court is appropriate." *Id.* at 691. *Haliym*, however, also stands for another important proposition. The Sixth Circuit determined that the Ohio Supreme Court's brief statement that there was no "genuine issue" with respect to Petitioner's ineffective assistance of counsel claim still reached the merits of the claim and therefore did not serve as a procedural bar to a federal court reviewing the Ohio Supreme Court's decision. *Id.* The Sixth Court, however, determined that Petitioner's *underlying claim* was barred. The Court stated, in relevant part:

> Petitioner's second alleged error is the substantive error underlying his ineffective assistance of appellate counsel claim, namely, that the trial court was without jurisdiction to try him . . . Unlike Petitioner's ineffective assistance of appellate counsel claim, this claim is procedurally barred and cannot serve as the basis for granting relief to Petitioner. *Id.*

Similarly, in this case, Petitioner's failure to allege the substance underlying his ineffective assistance of counsel claim on direct appeal is what now serves as a procedural bar to this Court's review of the substance of that claim. *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("[B]ringing an ineffective assistance claim in state court based on counsel's failure to

(1:12CV3104)

raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'") (citing *White v. Mitchell*, 431 F.3d 517, 526, 6th Cir. 2003)).

A petitioner may avoid procedural default, however, if he demonstrates cause and prejudice for the default, or that a miscarriage of justice will result from enforcing the procedural default in his case. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). In order to demonstrate "cause" Petitioner must show that some objective factor caused him not to follow the procedural rule. Petitioner alleged that his counsel's failure to raise the underlying substantive issues served as the cause. Petitioner properly litigated the ineffective assistance of counsel issue in his Rule 26(B) motion. ECF No. 4-1 at 95. In reviewing Petitioner's claim, the Court of Appeals necessarily evaluated the substance of Petitioner's ineffective assistance of counsel claim. Id. at 141. The Court found that Petitioner's claim was without merit:

> [Petitioner] argues that his appellate counsel was ineffective for failing to assign as error the trial court's failure to inquire into his competency to enter a plea of guilty . . . Initially, we find that the plea colloquy, that occurred during the hearing conducted on June 8, 2009, demonstrates that [Petitioner] was lucid when entering his plea of guilty to the offenses of murder, tampering with evidence, and abuse of a corpse. In addition, the competency evaluation of [Petitioner] established that he was able to understand the nature and objectives of the court proceedings and that he was able to assist in his defense. *State v. Taylor*, Lake App. No. 2002-L-005, 2003-Ohio-6670. It must also be noted that [Petitioner] is not rendered incompetent to stand trial or enter a plea of guilty because he is being treated with medicinal drugs. *State v. Borchers*, 101 Ohio App.3d 157, 655 N.E.2d 225 (1995). [Petitioner's] first proposed assignment of error is not well taken and consideration of the issue of competency on appeal would not have resulted in a different outcome. *Wulff II*.

In applying the *Strickland* standard, the Court reviewed the work of Petitioner's attorney, finding no error. *Wulff II*. Now, Petitioner can only obtain relief on his petition if he is able to

(1:12CV3104)

show that the Appeals Court of Ohio improperly applied the *Strickland* standard.  Petitioner must show "that the [state court] applied the *Strickland* test to the facts of his case in an *objectively unreasonable manner*." Bell v. Cone, 535 U.S. 685, 698-99 (2002).  Petitioner argues that the court should have inquired further when he stated "I do not believe so your Honor" in response to the trial court's question "are you currently under the influence of any alcohol, drugs, or medication that would make it so that you do not understand what is happening here today?" ECF No. 9 at 3.  Petitioner further argues that the trial court failed to do its duty to ensure that Petitioner was making a knowing, voluntary, and intelligent plea, given Petitioner's history of substance abuse and mental illness.  ECF No. 1 at 7, ECF No. 9 at 2.

The record lacks any evidence that Petitioner was unaware of the charges against him and the potential penalties if found guilty of those charges.  In fact, the parties stipulated to the report of a psychiatrist who determined that Petitioner was competent to stand trial and that he understood the charges against him.  ECF No. 4-1 at 107.  While acknowledging that Petitioner suffered from mental illness, the psychiatrist determined that "the symptoms of these disorders did not impact his ability to assist in his defense." Id. at 115.  Petitioner made the decision to plead guilty.  ECF No. 5-1 at 8-28.  Contrary to Petitioner's statement, the trial court did inquire further into Petitioner's state of mind during the plea colloquy.  When the trial court again asked Petitioner if he was "currently under the influence of any alcohol, drugs or medication that would make it so  you do not know what's happening here today?", Petitioner responded "No, Ma'am." ECF No. 5-1 at 9.  Given the Court's review of Petitioner's plea colloquy, the trial record, and

(1:12CV3104)

the Appellate Court's decision on Petitioner's Rule 26(B) motion, there is no evidence that the state court applied the facts of Petitioner's case in an objectively unreasonable manner.

To show a fundamental miscarriage of justice, Petitioner must prove that he is in fact innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1920 (2013). Petitioner makes no claim of actual innocence, nor does he present evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299-300 (1995).

Because Petitioner failed to fully and fairly present his capacity to plead guilty claim to the state courts, and because this Court is unable to find either just cause and actual prejudice or a fundamental miscarriage of justice, Petitioner's third assignment of error is procedurally defaulted.

## V. Conclusion

Based on the above, the Court overrules Petitioner's objections, adopts the magistrate judge's report and recommendations, and denies in part, and dismisses in part, the petition for a writ of habeas corpus. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| October 31, 2014 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |